## J. S. EDWARDS v. A. S. VAN PATTEN.

LEASE— *Improvement by Tenant—Valuation.* Where a landlord agrees
with his tenant to purchase from him at the expiration of his lease,
which is to run about two years, at its value or worth at that time, an
addition or fixture to the leased house, to be attached by the tenant,
the value or worth of the addition or fixture is not to be estimated
from the cost thereof and its depreciation from use or lapse of time
after its erection.

*Error from Finney District Court.*

THE opinion states the case.

*Hopkins & Hoskinson,* for plaintiff in error.
*Morgan, Lowrance & Mason,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 8th day of April, 1885, J. S. Edwards leased to A. S. Van Patten a house in Garden City, in this state, for the term of two years. It was subsequently agreed in writing between these parties that Van Patten should put up a small addition on the south side of the house, the addition to be 12x28 feet. At the expiration of the lease Edwards was to purchase from Van Patten the building or addition at what it might be worth at that time. In accordance with the written agreement, Van Patten constructed the addition, and at the expiration of his lease demanded payment therefor, claiming that it was worth $300. Edwards offered $100, but refused to pay any more. Then Van Patten brought his action against Edwards to recover the value of the building or addition on the 8th day of April, 1887, the date of the expiration of the lease. Trial before the court with a jury, at the June term, 1888. The jury returned a verdict in favor of Van Patten for $170. Edwards excepted, and brings the case here.

Upon the trial, Van Patten was permitted to prove the cost of the building or addition, which was erected in the summer

of 1885. The cost was $330. During the examination of the witnesses, the district judge said:

"Under this contract the theory of the court is, that it ought to be proven what it cost to construct this building, and then the reasonable deterioration of the value, whether from use or abuse. It does not seem to the court proper that general deterioration or increase in value of real estate in Garden City would be proper estimate (of value or worth) in this case."

The court also instructed the jury that—

"In determining such value, you have a right to consider the proper cost thereof, and the depreciation in value consequent upon use and lapse of time after it was completed."

All of this is complained of. The question of fact for the jury to pass upon was, what the building or addition was worth on the 8th day of April, 1887. Witnesses who were acquainted with such buildings and knew their market value could have testified thereto; but it was erroneous to introduce evidence showing the actual cost of this particular building or addition in the summer of 1885. Edwards was to pay the value or worth of the building or addition on the 8th day of April, 1887; not the original cost of the building, less deterioration from use or abuse. If witnesses who were acquainted with the cost of such buildings in Garden City had testified to the general cost of putting up such an addition, this might have been some evidence which the jury could have properly considered in arriving at the value or worth of the addition on the 8th of April, 1887; but the cost of this particular building in 1885 was not the true or fair basis of its value or worth on the 8th day of April, 1887.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.